

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Armstrong
County Auditor
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-3889

Re: Under Article 1645, Vernon's
Annotated Civil Statutes, as
amended by Senate Bill No. 119;
Acts of 1941, 47th Legislature,
must the County Auditor's
salary be paid out of the Gen-
eral Fund (commonly known as
the Third Class Fund) or can
it be paid out of any other
general revenue of the county?

Your recent request for an opinion of this depart-
ment upon the above stated question has been received.

We quote from your letter as follows:

"I would also like an opinion upon the fol-
lowing matter: Senate Bill No. 119 amending
in some respects Article 1645 was passed at the
last Legislature; the amendment changes the
method of computing the salary of the county
auditor. Article 1645 makes the following pro-
vision 'said salary to be paid monthly out of
the general revenue of the County.....'. Senate
Bill No. 119 has the following provision 'said
annual salary to be paid monthly out of the
general fund of the county.'

"Question:

"Must the above mentioned salary be paid
out of the General Fund (commonly known as the
Third Class Fund) or can it be paid out of any
other general revenue of the county?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL.

Senate Bill No. 119, Acts of the 47th Legislature, 1941, reads in part as follows:

"Article 1645. In any county having a population of thirty five thousand (35,000) inhabitants, or over, according to the last preceding Federal Census, or having a tax valuation of Fifteen Million ($15,000,000.00) Dollars or over, according to the last approved tax roll, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be County Auditor, who shall hold his office for two (2) years and who shall receive as compensation for his services to the county as such County Auditor, an annual salary of not more than the annual salary allowed or paid the Assessor and Collector of Taxes in his county, and not less than the annual salary allowed such County Auditor under the general law provided in Article 1645, Revised Civil Statutes, as said Article existed on January 1, 1940, such salary of the County Auditor to be fixed and determined by the District Judge or District Judges making such appointment and having jurisdiction in the county, a majority ruling, said annual salary to be paid monthly out of the general fund of the county, . . . ."

Articles 1626, 1627 and 1628, Vernon's Annotated Civil Statutes, read as follows:

"Art. 1626. Claims against a county shall be registered in three classes, as follows:

"1. All jury scrip and scrip issued for feeding jurors.

"2. All scrip issued under the provisions of the road law or for work done on roads and bridges.

"3. All the general indebtedness of the county, including feeding and guarding prisoners, and paupers' claims.

"Art. 1627. Said treasurer shall enter each claim in the register, stating the class

Honorable R. L. Armstrong, Page 3

to which it belongs, the name of the payee,
the amount, the date of the claim, the date
of registration, the number of such claim,
by what authority issued, and for what ser-
vice the same was issued, and shall write on
the face of the claim its registration num-
ber, the word, 'registered,' the date of such
registration, and shall sign his name offi-
cially thereto.

"Art. 1628. The funds received by the
county treasurer shall be classed as follows,
and shall be appropriated, respectively, to
the payment of all claims registered in the
first, second and third classes:

"1. All jury fees, all money received
from the sale of estrays, and all occupation
taxes.

"2. All money received under any of the
provisions of the road and bridge law, includ-
ing the penalties recovered from railroads
for failing to repair crossings, and all fines
and forfeitures.

"3. All money received, not otherwise
appropriated herein or by the commissioners
court."

It will be noted that Senate Bill No. 119, supra,
referring to the salaries of County Auditors under said bill
specifically provides:

". . . said annual salary to be paid
monthly out of the general fund of the county.
. . ."

By virtue of the express terms of the above mention-
ed act, we think that the salary of the County Auditor which
is governed and controlled by said act, must be paid out of
the general fund of the county which is commonly known as the
Third Class Fund, and that this is the only fund out of which
said salary can be legally paid.

Honorable R. L. Armstrong, Page 4

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 8, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By *Ardell Williams*

Ardell Williams
Assistant

AW:GO

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN